**Hakumat Singh RAI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73205.

Agency No. A76–841–572.

United States Court of Appeals, Ninth Circuit.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Feb. 13, 2004.*

Decided Feb. 18, 2004.

Earle A. Sylva, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Carl H. McIntyre, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM**

The record in this case shows that neither the Immigration Judge ("IJ") nor the Board of Immigration Appeals ("BIA") made an express determination as to Petitioner Hakumat Singh Rai's credibility. Because credibility was central to the IJ's decision to deny Singh's petition for asylum, we are required by *INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), to remand to the IJ for a legally sufficient finding on this issue.

Petitioner is a Sikh from the Punjab region of India; his petition for asylum rests in large part on his claim that he was a victim of past persecution in his country of origin on account of his religion and political opinion. The IJ's determination that Petitioner had failed to meet his burden with regard to a demonstration of past persecution appears to have been based on an implicit adverse credibility finding:

> The respondent basically has little or no political opinion other than his stated support of the Shiromani Akali Dal Amritsar Party even though he is not clear as to when he became a committed supporter or when that Party actually came into existence under that name. For that reason, I question what his political affiliation was, if any.

However, the IJ declined to make a specific finding that Petitioner was not credible, stating instead that:

> As far as the respondent's credibility is concerned, there are significant issues raised by the asylum officer in the original interview, and I will leave those to be reviewed by the next level since they are better stated by the asylum officer in writing than I can recap after a protracted hearing.

On appeal, rather than recognize credibility as the determinative issue regarding Petitioner's claims of past persecution and

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

accordingly remand to the IJ to make an express credibility determination, *see Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 657 (9th Cir.2003), the BIA summarily affirmed the IJ without opinion.

Implicit adverse credibility determinations are disfavored. *See Shoafera v. INS,* 228 F.3d 1070, 1074–76 n. 3 (9th Cir.2000). Rather, a credibility determination must be supported by specific and cogent grounds. *See, e.g., Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Because credibility is the determinative issue here, and neither the IJ nor the BIA made an express finding regarding Petitioner's credibility, the case must be remanded per the Supreme Court's holding in *Ventura,* 537 U.S. at 16 ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands."). This matter is therefore

REMANDED.